STATE *v.* MASNER.

Opinion delivered November 14, 1921.

1. CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—GROUND.—The only ground upon which a judgment in a criminal case will be arrested is that the facts stated in the indictment do not constitute a public offense within the court's jurisdiction.

2.    CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—SUFFICIENCY OF INDICTMENT.—Upon a motion in arrest, the words used in an indictment are to be taken in their broadest sense, and the indictment is sufficient if it contains such description of the offense charged as will enable the accused to make his defense and to plead the judgment in bar of any further prosecution for the same crime. ⋅

3.    WEAPONS—SUFFICIENCY OF INDICTMENT FOR CARRYING.—An indictment which accused defendant of the crime of "wearing weapons," in that he "unlawfully did wear and carry certain metal knucks," *held* sufficient on motion in arrest.

Appeal from Sharp Circuit Court, Southern District; *D. H. Coleman*, Judge on Exchange; reversed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellant.

Appellee's motion in arrest did not conform to § 3224, C. & M. Digest, in that it failed to allege that the facts stated in the indictment did not constitute a public offense *within the jurisdiction* of the court. The sufficiency of the indictment should have been challenged by demurrer before the trial, and the motion in arrest of judgment after trial comes too late. Stand. Enc. of Proc. vol. 2, p. 1015.

An averment necessary for the support of the pleadings, though imperfectly stated, which might have been bad on demurrer, is cured by the verdict, if such verdict could not have been found without finding the imperfect averment to have been proved in a sense adverse to the accused. 16 Fed. Rep. 376; 168 Fed. 682.

The indictment charged appellee with "unlawfully wearing and carrying certain metal knucks", and this was sufficient to charge that he carried them as a weapon, as it put him on notice of the nature of the charge he was called upon to meet. 131 Ark. 542. The language of an indictment will be given the construction which results in holding it sufficient, if it is not manifest that another construction and interpretation is required. 110 Ark. 549. ⋅

*Fred M. Pickens,* for appellee.

Judgment may be arrested by the court without any motion, upon his observing that the indictment does not state a public offense. C. & M. Dig., § 3224. No public offense was stated here. This is the only ground upon which a motion in arrest can be sustained. 111 Ark. 180. Failure to demur does not waive such defect, because it is the duty of the court to arrest judgment on this ground, any time during the term at which judgment is rendered. C. & M. Dig., §§ 3223, 3224; 21 Ark. 212.

It is not a violation of law to carry metal knucks, but it is a violation to carry them as a *weapon.* Knucks and a pistol come under the same sections, and it has been held that to carry a pistol for any other purpose than a weapon is not a violation. 68 Ark. 447.

The word "unlawfully" means contrary to law, (Bouv. Law Dic. vol. 3, p. 3376) and as used in the indictment cannot be contended to have the same meaning as the phrase "as a weapon."

HART, J. T. O. Masner was convicted of the crime of carrying metal knucks as a weapon, and his punishment was fixed by the jury at a fine of $50. Judgment was rendered accordingly. The defendant then filed a motion in arrest of judgment, which was sustained by the court, and the judgment arrested. The State of Arkansas has duly prosecuted an appeal to this court.

The body of the indictment is as follows:

"The grand jury of the Southern District of the Sharp Circuit Court, in the name and by the authority of the State of Arkansas, accuse T. O. Masner of the crime of wearing weapons, committed as follows, to-wit: The said T. O. Masner in the county, district and State aforesaid, on the 15th day of October, A. D. 1920, unlawfully did wear and carry certain metal knucks, against the peace and dignity of the State of Arkansas."

Counsel for the defendant contends that the facts stated in the indictment do not constitute a public of-

fense within the jurisdiction of the court, and that the court properly arrested the judgment.

The indictment was found under § 2804 of Crawford & Moses' Digest, which reads as follows:

"Any person who shall wear or carry in any manner whatever, as a weapon, any dirk or bowie knife, or sword or spear in a cane, brass or metal knucks, razor, or any pistol of any kind whatever, shall be guilty of a misdemeanor," etc.

Counsel for the defendant claims that, inasmuch as the crime prohibited by the statute is the carrying of metal knucks as a weapon, no crime is charged by alleging that the defendant unlawfully carried metal knucks. In other words, counsel contends that the act charged is carrying metal knucks, which in itself is not unlawful, and that an allegation that it is unlawfully done does not render it indictable.

We do not agree with counsel in his contention. The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. *Farrell* v. *State,* 111 Ark. 180. Hence the words used in the indictment to describe the act charged are to be taken in their broadest sense. The indictment is sufficient if it contains such description of the offense charged as will enable the accused to make his defense and to plead the judgment in bar of any further prosecution for the same crime. *Rosen* v. *United States,* 161 U. S. 29.

The indictment in this case meets these requirements. The first part of it accuses T. O. Masner of the crime of "wearing weapons." It then charges that said Masner "unlawfully did wear and carry certain metal knucks." These last words, when considered in connection with the accusing part of the indictment, imply that the defendant did wear or carry metal knucks contrary to law or in violation of law. In short, the indictment accuses the defendant of wearing weapons by unlawfully wearing and carrying metal knucks.

It is true the essence of the offense charged is carrying as a weapon metal knucks. But we are of the opinion that accusing the defendant of wearing weapons by unlawfully carrying metal knucks, put him on notice of the charge he was required to meet and enabled him to make his defense thereto and to plead the judgment in bar of any further prosecution for the same offense.

The indictment accuses the defendant of the crime of wearing weapons, and then charges that he committed it by unlawfully carrying the metal knucks. This sufficiently shows that the metal knucks were carried as a weapon, as otherwise it could not be said to have been done unlawfully. In this way the word, "unlawfully" connects the words, "did wear and carry certain metal knucks," with the preceding words, "accused T. O. Masner of the crime of wearing weapons," and thus becomes a part of the description of the offense.

It follows that the court erred in sustaining the motion in arrest of judgment, and for that error the judgment will be reversed, and the cause will be remanded with directions to the circuit court to enter judgment upon the verdict.